UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **25-CR-60142-DIMITROULEAS/HUNT**

18 U.S.C. § 1349
18 U.S.C. § 1347
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(7)

UNITED STATES OF AMERICA

vs.

JORGE LUIS ALMANSA and
CHRISTIAN CRUZ,
    a/k/a "Chris Cruz,"

    Defendants.
_____/

FILED BY ___BM___ D.C.

Jun 12, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### The Medicare Program

1. The Medicare Program ("Medicare") was a federal health care program that provided free or below-cost health care benefits to individuals who were sixty-five years of age or older or disabled. The benefits available under Medicare were governed by federal statutes and regulations. The United States Department of Health and Human Services ("HHS"), through its agency the Center for Medicare and Medicaid Services ("CMS"), oversaw and administered Medicare. Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

2. Medicare was a "health care benefit program" as defined in Title 18, United States Code, Section 24(b).

3. Medicare was subdivided into multiple program "parts." Medicare Part B covered physician services and outpatient care, including an individual's access to durable medical equipment ("DME").

## Durable Medical Equipment

4. DME was equipment designed for everyday or extended use and for a medical purpose, such as orthotic devices, collagen dressing, wheelchairs, prosthetic limbs, nebulizers, and oxygen concentrators.

5. DME companies, physicians, and other health care providers that provided services to Medicare beneficiaries were referred to as Medicare "providers." To participate in Medicare, providers were required to submit an application in which the providers agreed to comply with all Medicare-related laws and regulations. If Medicare approved a provider's application, Medicare assigned the provider a Medicare "provider number." A health care provider with a Medicare provider number could file claims with Medicare to obtain reimbursement for services rendered to beneficiaries.

6. Enrolled Medicare providers agreed to abide by the policies, procedures, rules, and regulations governing reimbursement. To receive Medicare funds, enrolled providers were required to abide by the Anti-Kickback Statute and other laws and regulations. Providers were given access to Medicare manuals and services bulletins describing billing procedures, rules, and regulations.

7. Medicare reimbursed DME companies and other health care providers for items and services rendered to beneficiaries. To receive payment from Medicare, providers submitted or caused the submission of claims to Medicare, either directly or through a billing company.

8. A Medicare claim for DME reimbursement was required to set forth, among other things, the beneficiary's name and unique Medicare identification number, the equipment provided to the beneficiary, the date the equipment was provided, the cost of the equipment, and the name and unique physician identification number of the physician who prescribed or ordered the equipment.

9. A claim for DME submitted to Medicare qualified for reimbursement only if it was medically necessary for the treatment of the beneficiary's illness or injury and prescribed by a licensed physician.

## The Defendants and Related Entity

10. Brace Yourself MD LLC ("Brace Yourself") was a Florida corporation located at 2821 East Commercial Blvd., #205, Fort Lauderdale, Florida.

11. Defendant **JORGE LUIS ALMANSA** was a beneficial owner of Brace Yourself, and a resident of Broward County, Florida.

12. Defendant **CHRISTIAN CRUZ, a/k/a "Chris Cruz,"** was the listed manager and registered agent of Brace Yourself, and a resident of Broward County, Florida.

## COUNT 1
### Conspiracy to Commit Health Care Fraud and Wire Fraud
### (18 U.S.C. § 1349)

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2. From in or around September 2020, and continuing through in or around May 2024, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**JORGE LUIS ALMANSA and
CHRISTIAN CRUZ,
a/k/a "Chris Cruz,"**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree with each other, and with others known and unknown to the Grand Jury, to commit offenses against the United States, that is:

    a.    to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347; and

    b.    to knowingly and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

3.    It was a purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to Medicare; (b) concealing the submission of false and fraudulent

claims to Medicare; and (c) diverting the fraud proceeds for their personal use and benefit, the use and benefit of others, and to further the fraud scheme.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

4.  **JORGE LUIS ALMANSA, CHRISTIAN CRUZ, a/k/a "Chris Cruz,"** and their co-conspirators paid marketers kickbacks and bribes for referrals of Medicare beneficiaries for medically unnecessary DME.

5.  The marketers employed call centers that used aggressive, deceptive, and misleading tactics to recruit Medicare beneficiaries for medically unnecessary DME.

6.  The marketers used telemedicine companies to generate doctors' orders for DME that was medically unnecessary and ineligible for reimbursement. In many instances, these doctors' orders were written by doctors who did not have a preexisting doctor-patient relationship with the beneficiaries, were not treating the beneficiaries, did not conduct a physical examination of the beneficiaries, and did not conduct a proper telemedicine visit. In some instances, the marketers generated doctors' orders that included the electronic signature of a beneficiary's own doctor without that doctor's permission or authorization.

7.  **JORGE LUIS ALMANSA, CHRISTIAN CRUZ, a/k/a "Chris Cruz,"** and their co-conspirators submitted and caused Brace Yourself to submit false and fraudulent claims to Medicare Part B in the approximate amount of $11,417,462 for DME that was medically unnecessary. As a result of such false and fraudulent claims, Medicare paid approximately $3,712,345 to Brace Yourself through its corporate bank account.

8. **JORGE LUIS ALMANSA, CHRISTIAN CRUZ, a/k/a "Chris Cruz,"** and their co-conspirators used the fraud proceeds to benefit themselves and others, and to further the conspiracy.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-8
### Health Care Fraud
### (18 U.S.C. § 1347)

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2. From in or around September 2020, and continuing through in or around May 2024, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**JORGE LUIS ALMANSA and
CHRISTIAN CRUZ,
a/k/a "Chris Cruz,"**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined by Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program.

### PURPOSE OF THE SCHEME AND ARTIFICE

3. It was a purpose of the scheme and artifice for the defendants and their accomplices to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to Medicare; (b) concealing the submission of false and fraudulent

claims to Medicare; and (c) diverting the fraud proceeds for their personal use and benefit, the use and benefit of others, and to further the fraud scheme.

### MANNER AND MEANS OF THE SCHEME AND ARTIFICE

4. The allegations contained in paragraphs 4 through 8 of the Manner and Means of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

### ACTS IN EXECUTION OF THE SCHEME AND ARTIFICE

5. On or about the dates set forth below, in Broward County, in the Southern District of Florida, and elsewhere, the defendants did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program, in that the defendants, through Brace Yourself, caused the submission of false and fraudulent claims to Medicare seeking reimbursement for the cost of DME, as set forth below:

| Count | Approx. Date of Claim Submission | Medicare Beneficiary | Medicare Claim Number | Items Claimed; Approx. Amount Claimed |
|---|---|---|---|---|
| 2 | June 15, 2021 | A.L. | 121166750648000 | Thoracic-Lumbar-Sacral Orthosis (TLSO); Knee orthosis; suspension sleeve $2,675 |
| 3 | November 23, 2022 | A.K. | 122327818565001 | Wrist hand orthosis; Elbow orthosis; $1,098 |
| 4 | December 27, 2022 | L.A. | 122361881863001 | Wrist hand orthosis; $624 |
| 5 | January 5, 2023 | B.P. | 123005841853000 | Knee orthosis; $1,058 |
| 6 | January 10, 2023 | L.R. | 123010813004000 | Wrist hand orthosis; $714 |
| 7 | February 1, 2023 | S.K. | 123032819332000 | Knee orthosis; $1,058 |
| 8 | May 22, 2024 | M.A. | 124143821267001 | Elbow orthosis; $733 |

In violation of Title 18, United States Code, Sections 1347 and 2.

## FORFEITURE ALLEGATIONS

1. The allegations contained in this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **JORGE LUIS ALMANSA** and **CHRISTIAN CRUZ, a/k/a "Chris Cruz,"** have an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1349, or a conspiracy to violate Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendants shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. Upon conviction of a conspiracy to commit a violation, of Title 18 United States Code, Section 1347, as alleged in this Indictment, the defendants shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such violation, pursuant to Title 18, United States Code, Section 982(a)(7).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(7), and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

_____
HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

_____
WILL J. ROSENZWEIG
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: **25-CR-60142-DIMITROULEAS/HUNT**

v.

JORGE LUIS ALMANSA, et al.

_____/
Defendants.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
- ☐ Miami
- ☐ Key West
- ☐ FTP
- ☑ FTL
- ☐ WPB

I do hereby certify that:
1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __7__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I  ☐ 0 to 5 days
   - II ☑ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV ☐ 21 to 60 days
   - V  ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge _____ Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _____
Will J. Rosenzweig
Assistant United States Attorney
SDFL Court ID No. A5502698

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Jorge Luis Almansa

**Case No:** _____

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000 or Twice the Gross Gain or Loss Resulting from the Offense**

Count #s: 2–8

Health Care Fraud

Title 18, United States Code, Section 1347
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000 or Twice the Gross Gain or Loss Resulting from the Offense**

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Christian Cruz, a/k/a "Chris Cruz"

**Case No:** _____

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000 or Twice the Gross Gain or Loss Resulting from the Offense**

Count #s: 2–8

Health Care Fraud

Title 18, United States Code, Section 1347
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000 or Twice the Gross Gain or Loss Resulting from the Offense**

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.